**No. 58723.**—Quong Lee & Co. and Joseph A. Paredes & Co. v. United States, protests 221923–K and 221924–K (San Francisco).

Opinion by MOLLISON, J. At the trial, it was stipulated that the merchandise described as "wooden chopping boards" on the invoice covered by the entry in protest 221923–K, contained in cases numbered 106 through 115, and the merchandise so described on the invoice covered by the entry in protest 221924–K, contained in cases numbered 40 to 50, inclusive, consists of wooden blocks which are like the various blocks which are named in paragraph 406, *supra*, and that they are "roughhewn, or rough shaped, sawed or bored." On the record presented, the claim of the plaintiffs was sustained.

**No. 58724.**—National Carloading Corporation v. United States, protest 209342–K/4714 (Chicago).

Opinion by MOLLISON, J. In accordance with oral stipulation of counsel that the items described as "ivory colored cabbages" on the invoice are not artificial flowers, fruits, or vegetables, but are, in fact, manufactures wholly or in chief value of ivory, not specially provided for, the claim of the plaintiff was sustained.

**No. 58725.**—Pacific Customs Brokerage Company v. United States, protest 177812–K (Detroit).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of *United States* v. *E. Dillingham, Inc.* (41 C. C. P. A. 221, C. A. D. 555), the claim for free entry under paragraph 1805 as pickets was sustained.

**No. 58726.**—Air Clearance Ass'n, Inc., et al. v. United States, protests 228290–K, etc. (New York).

Opinion by MOLLISON, J. The protests were dismissed.